DLD-243                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2559
_____

IN RE:  SYLVESTER ANDREWS,
also known as Kazime,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-92-cr-00671-008)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 25, 2019

Before:  JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: October 3, 2019)
_____

OPINION*
_____

PER CURIAM

    Sylvester Andrews has filed a petition for a writ of mandamus requesting that we

direct the District Court to rule on a motion to reduce sentence that he filed pursuant to

18 U.S.C. § 3582(c) and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

For the reasons that follow, we will deny the mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Andrews is a federal inmate who was convicted of various drug and firearms offenses. In January 2019, he raised First Step Act claims in an amended motion to vacate sentence under 28 U.S.C. § 2255. The District Court, with Andrews' consent, construed that filing as a motion to reduce sentence under 18 U.S.C. § 3582(c) and ordered the government to respond. On March 13, 2019, the District Court stayed the motion pursuant to a February 4, 2019 standing order of the Chief Judge of the District Court. That order established a committee of representatives from the United States Attorney's Office, Federal Defenders Association, and Probation Office to review the files of defendants who may be eligible for sentence reductions under the First Step Act and to prioritize the cases of eligible defendants. The order also stayed, for 90 days, all motions to reduce sentence based on the First Step Act.

On May 3, 2019, Andrews filed a motion in the District Court seeking an expedited ruling on his pro se motion to reduce sentence. The motion indicated that he did not wish to be represented by counsel. Andrews maintained that the Federal Defenders Association had not shown sufficient enthusiasm for his First Step Act claims.

On May 16, 2019, the Federal Community Defender Office for the Eastern District of Pennsylvania sent Andrews a letter informing him that the government would not agree to a sentence reduction in his case. The letter stated that although the mandatory minimum applicable to Andrews' conviction had changed pursuant to the First Step Act, his sentence was based on a guidelines calculation that exceeded and was not controlled by the applicable mandatory minimum. That said, the letter also indicated that the Federal Community Defender Office would file, with Andrews' consent, a motion to

2

reduce sentence that raised his First Step Act claims. The Federal Community Defender Office estimated that it could file the motion sometime in June 2019.

Andrews has not indicated whether he consented to the Federal Community Defender Office's filing a motion in support of his First Step Act claims, and, to date, no such motion has been filed. The government has filed its opposition to Andrews' First Step Act claims. In his mandamus petition, Andrews asks us to direct the District Court to rule on his First Step Act claims as presented in his pro se motion to reduce sentence.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have the District Court handle a case in a certain manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), that situation is not present here.

The District Court has acted well within its discretion to efficiently and systematically manage the litigation arising from the First Step Act by appointing a

3

committee to review the files of defendants, including Andrews, who may be eligible for relief. In addition to those systemic efforts, the District Court has specifically addressed Andrews' First Step Act claims, raised in his motion to reduce sentence, by ordering the government to respond. Andrews did not indicate until May 2019 that he wishes to proceed pro se, and we are fully confident that the District Court will address that issue, as well as the merits of Andrews' First Step Act claims, without undue delay. Thus, we cannot say that there has been any undue delay by the District Court, let alone a delay that is tantamount to a failure to exercise jurisdiction or that "rise[s] to the level of a denial of due process." Id. Accordingly, at this time, the extraordinary remedy of mandamus is not warranted, and we will deny Andrews' mandamus petition.